**Alphonso E. McALESTER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 34249.**

Missouri Court of Appeals,
Western District.

Sept. 13, 1983.

See also 635 S.W.2d 76.

Joseph H. Locascio, Sp. Public Defender, John M. Torrence, Asst. Sp. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and PRITCHARD and LOWENSTEIN, JJ.

PRITCHARD, Judge.

Appellant sought to vacate his conviction and set aside his sentence under Rule 27.26 for burglary and stealing, 15 years and 7 years respectively, to be served consecutively. The conviction was affirmed on appeal in *State v. McAlester,* 635 S.W.2d 76 (Mo. App.1982).

The trial court overruled the motion without holding an evidentiary hearing on September 22, 1982. Appellant's Point I submits that the trial court erred in denying the motion without an evidentiary hearing because the files and records in this case do not conclusively show that he was not entitled to the vacation of his judgment and sentence. The point is grounded upon the claim that appellant's trial counsel was ineffective in that he failed to call alibi witnesses. In this respect, he alleged in his pro se motion: "Counsel further failed to contact the movant's alibi witnesses and discuss the nature of their testimony until the day of trial, and only then after the state had rested their case, and, as such, subjected the movant to a substantial prejudice inducing the movant to accept a last minute defense, and denied the movant of effective assistance of counsel, all to the prejudice of movant."

Appellant's amended motion, filed by counsel after he was appointed, makes no mention of any failure of trial counsel to call alibi witnesses.

In order to state a claim to relief upon the ground of trial counsel's ineffec-

tiveness in failing to call alibi witnesses, it is necessary to allege facts that trial counsel was informed by movant of the names and addresses of witnesses, that they were available to testify, and that the testimony would have been helpful to the defense, i.e. that appellant was not present in the victim's home at the time of the burglary and theft. Certainly appellant's allegation above is conclusionary. It was said in *Rice v. State,* 585 S.W.2d 488, 492 (Mo. banc 1979), footnote 2, that *Fields v. State,* 572 S.W.2d 477 (Mo. banc 1978), did not alter the rule of *Smith v. State,* 513 S.W.2d 407, 411 (Mo. banc 1974), that a 27.26 motion state facts which, if true, would entitle the movant to relief. See also *Baker v. State,* 584 S.W.2d 65, 66 (Mo. banc 1979). The *Fields* case, however, did make prospective substantial changes in the manner in which 27.26 motions are to be handled. One is that there be appointment of counsel in all 27.26 motions filed pro se by indigent movants. Counsel was, of course, appointed in this case. The next is that "counsel is obligated 'to ascertain from the prisoner whether he had included all grounds known to the prisoner as a basis for attacking the judgment and sentence and to amend the motion to include any claims not already included.' *This obligation includes amending the motion, if necessary, more fully and accurately to allege the grounds which petitioner has undertaken to state in his pro se.*" [Additional italics added.] Appointed counsel did not perform his mandated obligation to amend appellant's pro se motion with respect to the general allegation of failure to call alibi witnesses, to allege *facts,* which, if proved, would entitle him to relief.

■ The third aspect of the Fields case is this: "In ruling on the motion, whether *with or without an evidentiary hearing,* the court shall follow rule 27.26(i) and make findings of fact and conclusions of law on all issues presented. Only if that is done can the appellate court make the kind of review contemplated by rule 27.26(j). A mere recital or statement that the motion, files and records conclusively show that movant is entitled to no relief will not constitute compliance with rule 27.26(j). Nor will findings and conclusions be supplied by implication from the trial court's ruling. Specific findings and conclusions are contemplated and required." [Italics added.] The trial court did not comply with this third aspect of the Fields case, in its conclusion: "The files and records of this case clearly show conclusively that movant is not entitled to have his sentence vacated (*Smith v. State,* 513 S.W.2d 407). Movant is, therefore, not entitled to an evidentiary hearing."

■ After the trial court's denial of the motion, appellant attempted to set it aside by motion enlarging the matter of ineffective assistance of counsel in failing to call alibi witnesses saying, "If allowed to testify, movant would state that on August 19, 1980, one day before trial, Mr. Dieckman finally met with movant and, at that time, movant informed Mr. Dieckman that movant's sister, Diane McAlester, was available as an alibi witness; That on such occasion movant informed Mr. Dieckman that he had spent the evening in question at Diane McAlester's residence at 5533 Wabash." Even if this motion to set aside the order were properly to be considered, it does not allege sufficient facts, which, if proved, would show appellant not to be present at the precise time and place of the commission of the crime. It does, however, shed some light on appellant's pro se motion as to what he meant.

By supplemental brief, appellant says that the trial court did not have jurisdiction to rule on the 27.26 motion because he was put on notice that he would be called as a witness to prove that trial counsel was ineffective in not talking with appellant or his witnesses until the day of trial. This matter need not be considered because on remand appellant will have the opportunity, if he desires, to disqualify the trial judge under Rule 51.05(a).

■ The judgment is reversed and the case is remanded with directions that appellant be granted leave further to amend his Rule 27.26 motion; and thereafter if the

motion alleges sufficient facts, to hold an evidentiary hearing thereon; and to make findings of fact and conclusions of law in accordance with *Fields v. State,* supra.

All concur.