Daniel Lee VANCE, Movant,

v.

STATE of Missouri, Respondent.

No. 55729.

Missouri Court of Appeals,
Eastern District,
Division One.

May 2, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 7, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Ilene A. Goodman, St. Louis, for movant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Movant, Daniel Lee Vance, appeals from the denial of his Rule 24.035 motion without an evidentiary hearing. Movant had previously pleaded guilty to failure to return to confinement and was sentenced to imprisonment for two years. This sentence was to be served consecutively with movant's prior sentences for two counts of burglary in the second degree and one count of stealing. The plea court granted movant jail time credit for the period of time from August 25, 1985, the date when movant returned to confinement, to June 11, 1986, the date of movant's guilty plea. We affirm.

The dispositive issue raised on appeal is whether movant's claim that the department of corrections failed to give him court ordered jail time credit is cognizable in a motion for post-conviction relief. The motion court ruled that it was not.

Rule 24.035 provides a remedy to persons convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claim (a) that the judgment of conviction or sentence imposed violate the constitution or laws of this state or the Constitution of the United States; (b) that the sentence imposed was in excess of the maximum sentence authorized by law; or (c) that the court imposing the sentence was without jurisdiction to do so. Rule 24.035(a).

Movant's sentence did not violate the constitution or laws, it does not exceed the maximum authorized by law, and jurisdiction was proper. Movant does not complain that his sentence was wrongfully imposed. The plea court ordered movant to be given credit for the time he had served. Rather, movant wants the department of corrections to impose the sentence that was ordered by the plea court.

Post-conviction relief is not the proper remedy to force public officials to implement sentences or to test the legality of movant's continued incarceration. Stout v. State, 745 S.W.2d 237, 238 (Mo.App.1987); Smith v. State, 741 S.W.2d 727, 729 (Mo. App.1987).

The motion court's finding is not clearly erroneous. In view of our holding, we need not address movant's other points relied on.

The judgment of the motion court is affirmed.

REINHARD and CRIST, JJ., concur.