Larry Dean GROVE, Appellant,

v.

STATE of Missouri, Respondent.

No. 15988.

Missouri Court of Appeals,
Southern District,
Division One.

June 19, 1989.

John A. Klosterman, Columbia, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

On June 12, 1987, appellant Larry Dean Grove appeared with counsel in circuit court on an information charging him with two counts of sodomy, § 566.060,[1] and one count of sexual abuse in the first degree, § 566.100. Pursuant to a plea agreement, appellant entered a plea of guilty to one count of sodomy. The agreement provided that the prosecutor would (a) dismiss the other count of sodomy and the count of sexual abuse, (b) recommend imprisonment of not less than 10 years nor more than 15 years, (c) oppose probation, and (d) agree that appellant, who was then incarcerated for failure to post bond, could be released on his own recognizance in order to allow him to obtain a psychological evaluation prior to sentencing if he chose to do so.

In accepting the plea of guilty the circuit court, henceforth referred to as "the plea court," conducted an extensive hearing, ordered a presentence investigation, deferred sentencing pending receipt of the presentence investigation report, and released appellant on his own recognizance.

On September 11, 1987, appellant reappeared with counsel in the plea court, which imposed a sentence on appellant of 12 years' imprisonment and denied probation. The prosecutor dismissed the two agreed counts.

On June 22, 1988, appellant filed a pro se motion per Rule 24.035, Missouri Rules of Criminal Procedure (19th ed.1988), to vacate his conviction and sentence. Counsel was appointed for appellant and a deadline was set for filing an amended motion. *See:* Rule 24.035(e) and (f). The deadline passed without an amended motion being filed.

On October 11, 1988, the circuit court, henceforth referred as "the motion court," entered an order denying appellant's motion without an evidentiary hearing. Appellant brings this appeal from that order.

The first of appellant's four points relied on avers that the motion court erred in denying relief without an evidentiary hearing in that the lawyer appointed by the motion court to represent appellant, henceforth referred to as "motion counsel," did not comply with Rule 24.035(e), as motion counsel had a duty to ascertain from appellant whether all grounds known as a basis of attack on the conviction and sufficient facts supporting those grounds were included in the motion, and a concomitant duty to file an amended motion including any additional grounds and supporting facts.[2] Appellant complains that motion counsel failed to amend the motion to present all of appellant's claims in lawyer-like fashion, thus denying appellant meaningful post-conviction review of the effectiveness of the lawyer who represented appellant in the plea court, henceforth referred to as "plea counsel."

Appellant's motion presented three grounds for relief. The first was that the sentence was excessive in that appellant had "[no] prior offense" and no tendency toward deliberately causing harm to another person, was allowed no "jail time" credit at sentencing, had experienced stress and confusion which led him to admit himself to a hospital for treatment, and was released from jail on his own recognizance. The second ground was that appellant had received ineffective assistance of counsel in the plea court in that (1) the first public defender who represented appellant "dropped" the case without notification, (2) the second public defender who represented appellant failed to show consistent interest in the task, and (3) plea counsel—retained by appellant—made no effort to apply "federal law" concerning appellant's right to a speedy trial; made no effort to obtain documents and evidence (allegedly withheld by a prosecution witness) which were important to appellant's defense, causing additional pressure on appellant to

---

1. References to statutes are to RSMo 1986.

2. The lawyer representing appellant in this appeal is a different lawyer than motion counsel.

accept the plea bargain; promised probation if appellant would plead guilty, saying if appellant did not his bond would be made so high he would never get out; instructed appellant to testify he had no physical or mental impairment although medical records show "heavy evidence to the contrary"; bargained for five to seven more years than appellant's public defender had previously said the prosecutor had agreed upon; denied in court that appellant desired to change his guilty plea without consulting appellant; did not contest the presentence investigation report even though appellant and his wife had pointed out "numerous errors and discrepancies"; and assured "us" that with a 12–year sentence appellant would be eligible for parole in 2 years and 4 months, which is untrue. The third ground was that appellant had ill health in numerous respects, causing, among other things, "severe confusion," "complications in decision making," "disorientation and blacking-out," and "loss of memory & concentration."

The motion court, in its order denying relief, stated it had considered the transcript of the guilty plea proceeding. The order included the following:

> "The Court finds and believes that Movant's sentence was in accordance with a plea agreement freely entered into between the State of Missouri and the Movant and that there has been no violation of the plea agreement. The Court further finds that the sentencing Judge accepted the plea of guilty and that the plea of guilty was made freely, voluntarily, and intelligently, and with a full understanding of the charge, the rights to trial including jury trial and the consequences of pleading guilty. The Court finds that the Defendant related facts under oath to the sentencing Judge which entitled the Judge to believe and to find that Defendant was guilty beyond a reasonable doubt.
>
> The Court further finds that the allegations contained in the written motion filed herein which are specific in nature and not merely conclusionary [sic] or [sic] refuted by the documents examined by the Court."

■ Appellant, in arguing his first point, cites four cases in support of his premise that motion counsel's failure to file an amended motion necessitates reversal: *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978); *Woolsey v. State*, 738 S.W.2d 483 (Mo.App.1987); *Jones v. State*, 702 S.W.2d 557 (Mo.App.1985); and *McAlester v. State*, 658 S.W.2d 90 (Mo.App.1983). Appellant maintains the case should be remanded to the motion court with instructions that new counsel be appointed to amend the motion in compliance with Rule 24.035.

We do not read *Fields* as holding that reversal of a circuit court's order denying relief in a post-conviction proceeding is automatically required when counsel appointed to represent the prisoner fails to file an amended motion. In *Fields*, a proceeding under former Rule 27.26 (now repealed), the circuit court denied relief without an evidentiary hearing and *without appointing counsel* for the prisoner. The Supreme Court of Missouri reversed and remanded, holding that circuit courts must appoint counsel for all indigent prisoners in such proceedings, and that counsel, after sufficient communication with the prisoner, will be obliged to amend the prisoner's motion to state factually in lawyerlike fashion the basis for all grounds for relief which the prisoner claims to have. 572 S.W.2d at 483[2]. The Supreme Court in *Fields* was not confronted by a situation wherein appointed counsel, after an adequate opportunity to communicate with the prisoner, failed to amend the motion.

Such circumstances did arise, however, in *Woolsey*, 738 S.W.2d 483. There relief was denied by the circuit court after an evidentiary hearing. On appeal the prisoner maintained he was improperly denied relief due to his appointed lawyer's failure to ascertain whether all grounds for relief were included in the prisoner's pro se motion and, if they were not, to file an amended motion presenting the additional grounds. The Western District of this Court rejected the prisoner's claim that reversal was required, holding that counsel was not automatically required to file an amended motion in every Rule 27.26 action.

*Id.* at 485[1]. Amendment is required where the pro se motion either fails to raise all known grounds for relief or fails to fully and accurately allege the grounds raised. *Id.* The opinion in *Woolsey* noted the prisoner made only a bare allegation on appeal that relief was improperly denied due to counsel's failure to file an amended motion; the prisoner did not claim there were any additional grounds or supporting facts that could have been, but were not, presented on his behalf. *Id.* at 485. The effect of the prisoner's allegation, said the opinion, was simply to assert that, absent an amended motion, he is entitled to a second opportunity to present his claims. *Id.* The opinion added that it was not the appellate court's intention to entertain what are in essence claims of ineffective assistance of 27.26 counsel, as such claims are not generally cognizable either on direct appeal or in a subsequent 27.26 proceeding. *Id.*

In *Jones,* 702 S.W.2d 557, a prisoner's pro se motion under Rule 27.26 was dismissed by the circuit court without an evidentiary hearing. The appellate court, noting that the record did not show the prisoner's appointed counsel ever interviewed the prisoner or ascertained whether the pro se motion stated all known grounds for relief, and that the circuit court failed to make specific findings of fact and conclusions of law on all issues, reversed and remanded with directions that the prisoner be given the opportunity to amend his motion with the aid of counsel, and that the circuit court consider the matter anew, entering the required findings of fact and conclusions of law.

In *McAlester,* 658 S.W.2d 90, the final case relied on by appellant in support of his first point, the lawyer appointed to represent a prisoner in a Rule 27.26 proceeding filed an amended motion that neglected to mention a ground alleged in the pro se motion. The circuit court denied relief without an evidentiary hearing, and without making findings of fact and conclusions of law on all issues. The Western District of this Court reversed and remanded with directions that the prisoner be granted leave to further amend his motion, that the

circuit court hold an evidentiary hearing if warranted by the factual allegations, and that such court make the required findings of fact and conclusions of law. *Id.* at 92–93[6].

The instant case is dissimilar to *Jones* and *McAlester* in that the circuit courts in the latter two cases failed to make findings of fact and conclusions of law on all issues. That deficiency, as explained *infra,* does not exist in the instant case. Additionally, the amended motion in *McAlester* omitted a ground for relief asserted in the pro se motion. That did not occur here.

*Patrick v. State,* 698 S.W.2d 18 (Mo.App. 1985), presented circumstances analogous to the instant case. There the lawyer appointed to represent a prisoner in a Rule 27.26 proceeding filed no amended motion; the circuit court ultimately entered findings of fact and conclusions of law on all issues raised by the pro se motion, and denied relief. The prisoner appealed, insisting relief had been improperly denied in that his lawyer had failed to amend the pro se motion. The prisoner asserted only one ground on appeal that, according to him, should have been raised in an amended motion. Finding such ground would have been futile as a matter of law, this Court affirmed the circuit court.

Neither in appellant's first point nor the argument that follows it do we espy any averment that there was a ground for relief available to appellant that did not appear in the pro se motion but could have been asserted in an amended motion. Applying *Woolsey,* 738 S.W.2d 483, and *Patrick,* 698 S.W.2d 18, we hold that appellant's first point supplies no basis for reversal.

■ Appellant's second point reads:

"The [motion] court clearly erred by denying ... relief ... without ... an evidentiary hearing, because the record ... leaves a firm conviction that a mistake has been made in that appellant alleged factual circumstances which, if proved, constitute ineffective assistance of [plea] counsel warranting relief and which are not refuted by the record, in-

cluding that [plea counsel] promised that appellant would receive probation if he pleaded guilty, instructed appellant to testify that appellant had no physical or mental impairment although substantial evidence of appellant's impairment existed, and promised appellant that appellant would be eligible for parole after two years and four months on a sentence of twelve years, even though the earliest possible parole allowed under the Board of Probation and Parole guidelines is forty-eight to sixty months."

Rule 24.035(g) provides that if the motion and files and record of the case conclusively show that the movant is entitled to no relief, an evidentiary hearing shall not be held.

As to appellant's claim that plea counsel promised appellant he would receive probation if he pled guilty, the transcript of the plea proceeding shows that appellant—who was placed under oath by the plea court— acknowledged that except for the plea agreement no one had made him any promises to get him to plead guilty, nor had anybody promised him he would be placed on probation if he pled guilty. The plea court specifically told appellant that the presentence investigation report might or might not recommend probation, but even if it did recommend probation the plea court was not bound to follow such recommendation and might choose not to place appellant on probation. The plea court reminded appellant that the State was opposing probation, and informed appellant that if the plea court chose not to place appellant on probation appellant could not withdraw his plea of guilty. Appellant, who was 40 years of age at the time of the plea, and who had completed 10 years of school and taken "a GED in the service," acknowledged to the plea court that he understood.

Additionally, the transcript of the plea proceeding shows this:

"[Plea counsel]: And have I told you that it is possible after you have pled to this charge and the Judge has sentenced you, whether that be on probation or whether that be to incarceration, it would be possible if sometime later in your life you committed or were found guilty of [certain] types of [sex] crimes that you could be sentenced to up to thirty years in the penitentiary without probation or parole?

[Appellant]: I understand, sir."

As we understand the motion court's findings, quoted earlier, the second paragraph thereof includes a finding that the allegations in appellant's motion which are specific and not merely conclusional are refuted by the documents examined by the motion court. Our review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j).

Appellant's contention in his second point that plea counsel promised appellant he would receive probation if he pled guilty is conclusively refuted by those portions of the transcript of the guilty plea proceeding discussed above. The motion court's finding to that effect is not, therefore, clearly erroneous, but is instead patently correct.

Appellant also claims in his second point that the record failed to refute his averment that plea counsel instructed appellant to testify he had no physical or mental impairment although substantial evidence of such impairment existed.

On that issue the transcript of the guilty plea proceeding reflects that appellant confirmed to the plea court that on the date of the plea he (appellant) was in good physical health and had no mental problems. The transcript continued:

"[Plea counsel]: ... Now, in your background, there is a medical history of Vietnamese war-related medical problems; is that correct?

[Appellant]: Yes, sir.

[Plea counsel]: And also in your background before your arrest on this charge, there was episodes wherein you sought psychological counseling for various problems such as tension, anxiety, and other things like that. Is that correct, sir?

[Appellant]: That's correct.

[Plea counsel]: Have you and I discussed in some detail the aspects of competency to stand trial?

[Appellant]: We have.

[Plea counsel]: And have I told you that if you wanted me to, I could ask the Judge to have you evaluated to determine whether or not you were competent to stand trial?

[Appellant]: You did.

[Plea counsel]: And have I explained to you, in this sense, competency means that you are able to understand the proceedings against you and to assist me in your defense?

[Appellant]: Yes.

[Plea counsel]: And have you told me that you do not want a psychological evaluation to determine whether or not you are competent?

[Appellant]: I have.

. . . .

[Plea counsel]: And have I told you that, if you wished, we could make a motion to the Court to have you examined by a psychologist or psychiatrist to determine whether or not at the time which, that being August 29th, 1986, at the time you caused [the victim] or you allowed [the victim] to masturbate you, you were insane? Have I discussed that with you?

[Appellant]: You did.

[Plea counsel]: And have you told me that you do not want a psychological evaluation for the purpose of determining whether or not you were insane on August 29th, 1986?

[Appellant]: I did."

Plea counsel explained to the plea court that the purpose of requesting an opportunity for appellant to obtain a psychological examination between the date of the plea and the date of sentencing was to allow the plea court to know appellant better, as "we feel that once you do know the [appellant] better, you will be more receptive to our intention that he deserves probation." The record is silent as to whether appellant availed himself of the opportunity to obtain the psychological evaluation, or whether a report of the results were furnished the plea court prior to sentencing.

It is manifest, however, that the above passages from the transcript conclusively refute appellant's contention in his second point that plea counsel instructed appellant to testify he had no physical or mental impairment. The motion court's finding to that effect is consequently correct.

The final claim in appellant's second point is that the record failed to refute his averment that plea counsel promised appellant he would be eligible for parole after serving 2 years and 4 months of a 12–year sentence even though the earliest possible parole would not be allowed until 48 to 60 months had been served.

Nowhere in appellant's motion do we find any allegation that plea counsel's alleged advice regarding eligibility for parole on a 12–year sentence was given prior to the entry of appellant's plea of guilty. Indeed, as appellant did not know at the time he entered the plea that his sentence would be 12 years, but knew only that the State would recommend imprisonment of not less than 10 years nor more than 15 years and would oppose probation, it is inferable that plea counsel's alleged advice about eligibility for parole on a 12–year sentence, if given at all, was given after imposition of sentence.

After a plea of guilty, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Armour v. State*, 741 S.W.2d 683, 688[1] (Mo.App.1987); *Porter v. State*, 678 S.W.2d 2, 3[1] (Mo.App.1984); *Chapman v. State*, 641 S.W.2d 428, 429[2] (Mo.App. 1982). As there was no averment by appellant that his plea of guilty was induced by plea counsel's alleged advice about eligibility for parole after serving 2 years and 4 months of a 12–year sentence, such alleged advice, even if given, would afford no basis for post-conviction relief. Appellant's second point is without merit.

His third point asserts the motion court erred by failing to enter specific findings of fact and conclusions of law "concerning the issues raised by appellant's Rule 24.035 motion." Appellant reminds us that para-

graph (i) of Rule 24.035 requires such findings and conclusions, and that they are necessary for an appellate court to engage in meaningful review.

In *Jones v. State*, 604 S.W.2d 607 (Mo.App.1980), an appeal from the denial of relief in an action under former Rule 27.26, the Eastern District of this Court stated that where the circuit court makes findings on all issues sufficient to enable the appellate court to review the prisoner's contentions, this constitutes compliance with the circuit court's duty to make findings of fact and conclusions of law. *Id.* at 609[3]. There is no need to remand for further findings and conclusions if those that appear in the record are sufficient for the appellate court to make a determination as to the correctness of the circuit court's action. *Id.* at 609[4]. What is required is that the findings be sufficient for an appellate court to determine whether they are clearly erroneous. *Jackson v. State*, 729 S.W.2d 253, 255–56[5] (Mo.App.1987).

As reported earlier, the first of the three grounds for relief set forth in appellant's motion was that, for sundry reasons, the sentence was excessive. In *Hubbard v. State*, 706 S.W.2d 289 (Mo.App.1986), an action under former Rule 27.26, the prisoner's motion alleged his sentences were too harsh. The circuit court denied relief without an evidentiary hearing. On appeal the Eastern District of this Court affirmed, holding that the motion did not state a cause for relief in that the sentences were within the range of punishment prescribed by the applicable statutes. *Id.* at 290[1]. *Accord: Shields v. State*, 491 S.W.2d 6, 9[12] (Mo.App.1973).

As appellant's sentence was within the authorized range of punishment, §§ 566.060.3 and .4, and 558.011.1(2), his allegation that the sentence was excessive stated no ground for relief. Accordingly, the motion court did not err in denying relief without hearing evidence on that ground, and no additional findings are necessary for us to determine the correctness of that ruling by the motion court.

The second of the three grounds for relief presented in appellant's motion was that he received ineffective assistance of counsel in the plea court. While the motion court, in finding that the allegations in appellant's motion which are specific and not merely conclusional are refuted by the record, did not list each individual allegation and state where the record refutes it, we are nonetheless able to determine, on the record before us, whether or not that finding is clearly erroneous. Appellant challenged that finding as to three issues in his second point, *supra*, and we rejected the challenge. Appellant's third point identifies no allegation in his motion upon which the motion court's findings are inadequate for appellate review. We hold that the findings, while abbreviated, are nonetheless sufficient for us to determine whether they are clearly erroneous in regard to appellant's claim of ineffective assistance of counsel. We find no error in the motion court's rejection of appellant's claim that he received ineffective assistance of counsel in the plea court.

The last of the three grounds for relief set forth in appellant's motion was that he had ill health in numerous respects, some of which were mentioned earlier in this opinion. Nowhere in his motion was there any averment that any of those alleged afflictions prevented him from understanding the nature of the charges, the range of punishment, the plea agreement, or any other aspect of his plea of guilty.

To be entitled to an evidentiary hearing, a prisoner seeking post-conviction relief must plead facts, not conclusions, which if true would entitle him to relief. *Jackson v. State*, 585 S.W.2d 495, 497[1] (Mo. banc 1979); *Blackmon v. State*, 767 S.W.2d 81, 83 (Mo.App.1989). As appellant's motion failed to allege that any of his ailments affected the voluntariness of his plea, the motion stated no ground for relief, consequently the motion court did not err in denying relief without hearing evidence on that ground. No additional findings are necessary for us to determine that the motion court was correct. Appellant's third point is denied.

■ To grasp appellant's fourth point one must recall that in connection with the allegation in his motion that his sentence was excessive, appellant averred he was allowed no "jail time" credit against it. We have earlier upheld the motion court's rejection of appellant's complaint that the sentence was excessive, pointing out that it was within the statutory range of punishment. That does not, however, dispose of appellant's fourth point, which reads:

"The [motion] court clearly erred by failing to grant appellant's motion for postconviction relief alleging that appellant's sentence was excessive because the record establishes that the [plea] court did not credit appellant with jail time served awaiting trial as required by [§] 558.031, RSMo 1986, in that the judgment and sentence entered by the [plea] court does not reflect jail time credit although the record clearly establishes that appellant had been incarcerated in the Greene County jail prior to pleading guilty."

Section 558.031 provides:

"1. A person convicted of a crime in this state shall receive as credit toward service of a sentence of imprisonment all time spent by him in ... jail both because awaiting trial for such crime and pending transfer after conviction to the department of corrections and human resources or the place of confinement to which he was sentenced....

2. The officer required by law to deliver a convicted person to the department of corrections and human resources shall endorse upon the commitment papers the period of time to be credited as provided in subsection 1 of this section. ...."

It appears from the copy of the plea court's docket sheet furnished us in the record on appeal that appellant was committed to jail for failure to post bond on October 27, 1986, and that he remained there until released on his own recognizance the day he pled guilty (June 12, 1987). The record on appeal includes a copy of the front of a document captioned "Judgment and Sentence to Division of Corrections on Plea of Guilty." Nowhere thereon do we see any notation regarding the number of days of pretrial confinement to be credited against appellant's sentence. As the record on appeal does not include a copy of the reverse side of such document, we cannot determine whether the officer required by law to deliver appellant to the Department of Corrections and Human Resources endorsed thereon the period of pretrial confinement to be credited against appellant's sentence. *See:* § 558.031.2, quoted above.

In *Jones v. State,* 767 S.W.2d 90, 92[1] (Mo.App.1989), the Western District of this Court held that a prisoner's claim that he was denied credit against his sentence for the time to which he was entitled under § 558.031.1 is cognizable under Rule 24.-035. The opinion—without mentioning the statutory duty of the officer delivering the prisoner to the penitentiary to endorse the amount of credit on the commitment papers (§ 558.031.2)—stated, without citation of authority, that the credit to which the prisoner was entitled "should have been included in the sentencing order." 767 S.W.2d at 92.

We need not, in resolving appellant's fourth point, determine whether the plea court should have included in its judgment a finding as to the amount of credit appellant was entitled to against his sentence per § 558.031.1. If the officer required by law to deliver appellant to the penitentiary carried out his duty under § 558.031.2 to endorse upon appellant's commitment papers the period of time to be credited against appellant's sentence under § 558.031.1, that should be sufficient to ensure that corrections officials will properly calculate the period of imprisonment appellant must serve.

Our problem is that we cannot determine from the record before us whether the credit for pretrial confinement to which appellant is entitled has ever been endorsed by any official on the commitment papers that should have accompanied appellant when he was delivered to the Department of Corrections and Human Resources. Faced with this dilemma we have concluded

that the proper disposition is to affirm the motion court's denial of relief on all issues except the question of credit under § 558.031.1. On that issue, alone, the order of the motion court must be reversed and the cause must be remanded with directions to the motion court to allow appellant's counsel an opportunity to demonstrate to the motion court whether appellant's commitment papers show the credit to which appellant is entitled under § 558.031.1. If the motion court finds they do, no further action shall be necessary. If the motion court finds they do not, the motion court shall make a finding as to the number of days of credit to which appellant is entitled against his sentence per § 558.031.1, and shall cause a certified copy of such finding to be furnished to the Department of Corrections and Human Resources.

In reaching this conclusion we do not ignore the State's argument that appellant's proper remedy for complaining about failure to credit jail time against his sentence is a habeas corpus action in the county where he is incarcerated. The State cites *Carrow v. State,* 755 S.W.2d 328 (Mo. App.1988), and *Vance v. State,* 773 S.W.2d 128 (Mo.App.1989). Neither case, however, is factually identical to the instant case.

In *Carrow* the sentencing court ordered that credit be given on the prisoner's sentences for all jail time served. 755 S.W.2d at 331. There was, consequently, no defect in the sentences. The question was whether corrections officials had properly computed the credit the sentencing court had ordered. *Carrow* held that if such computations were erroneous the prisoner's remedy was a habeas corpus proceeding, not an action under former Rule 27.26. *Id.*

In *Vance,* an action under Rule 24.035, the sentencing court ordered that the prisoner be given credit against his sentence for certain time spent in jail. The prisoner claimed that corrections officials failed to give him the court-ordered credit. The circuit court held that the prisoner's claim was not cognizable in an action under Rule 24.035. The appellate court affirmed, explaining that the prisoner did not complain his sentence was wrongfully imposed, and that post-conviction relief is not the proper remedy to force public officials to implement sentences or to test the legality of continued incarceration.

In the instant case the question to be resolved is whether the credit to which appellant is entitled under § 558.031.1 has ever been endorsed on the commitment papers. The records necessary to compute the credit are in the motion court, not in a court at the place of appellant's incarceration. Under *Jones,* 767 S.W.2d at 92[1], that issue is cognizable in a Rule 24.035 action.

The order of the motion court denying relief is affirmed in all respects except as to appellant's contention he has been denied credit to which he is entitled under § 558.031.1. On that issue alone the order of the motion court is reversed and the cause is remanded to the motion court for further proceedings consistent with this opinion.

HOLSTEIN, C.J., and GREENE, J., concur.