Eddie Guy **LUSTER**, Appellant,

v.

**STATE of Missouri, Respondent.**

**No. 16832.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 11, 1990.

Raymond L. Legg, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Appellant Eddie Guy Luster brings this appeal from an order denying, without an evidentiary hearing, his motion per Rule 24.035, Missouri Rules of Criminal Procedure (20th ed. 1989), to vacate his conviction of selling marihuana, § 195.020, RSMo 1986, and eight-year prison sentence. The conviction resulted from a plea of guilty.

Appellant presents three points relied on. The first reads:

"The motion court clearly erred in denying, without an evidentiary hearing, appellant's motion for postconviction relief under Rule 24.035 because his motion pleaded facts not refuted by the record in support of his allegation of ineffective assistance of counsel ... for trial counsel's failure to interview alibi witnesses when appellant asserted that the witnesses would have testified that they were with appellant on the date of the alleged sale of marijuana and that appellant never sold marijuana to T.G. Mills, and appellant was prejudiced by counsel's failure to interview these witnesses in that the alibi testimony would have created a defense to the charge of sale of marijuana and led appellant to demand a jury trial rather than pleading guilty."

■ Appellant commenced this 24.035 proceeding by filing a pro se motion to vacate on January 27, 1989. The motion court appointed counsel for appellant February 2, 1989. Counsel was granted leave to withdraw July 31, 1989. New counsel for appellant filed an entry of appearance November 21, 1989, and simultaneously filed a motion for extension of time to file an amended motion to vacate. On December 6, 1989, the motion court granted appellant's counsel 30 days to file an amended motion. Counsel filed an amended motion December 27, 1989.

Rule 24.035(f) reads:

"Any amended motion ... shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appointed. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days...."

The time limitations in Rule 24.035 are valid and mandatory. *Day v. State*, 770 S.W.2d 692, 695[1] (Mo. banc 1989).

The time allowable under Rule 24.035(f) for filing an amended motion had long since run when appellant's second counsel moved for an extension of time. The motion court was without authority to grant appellant's second counsel additional time beyond that provided by Rule 24.035(f) to file an amended motion. *Sloan v. State,*

779 S.W.2d 580, 581–82[1] (Mo. banc 1989), *cert. denied,* — U.S. —, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1990), applying Rule 29.-15(f), identical in all respects to Rule 24.-035(f). Consequently, appellant's amended motion to vacate was untimely and all grounds pled therein were time barred and procedurally waived. *Rice v. State,* 779 S.W.2d 771, 775[3] (Mo.App.1989); *Batson v. State,* 774 S.W.2d 882, 884[1] (Mo.App. 1989). That being so, the only allegations cognizable in the motion court were those in the pro se motion.

■ To be entitled to an evidentiary hearing on the issue of ineffectiveness of counsel, a prisoner seeking relief under Rule 24.035 must plead facts, not conclusions, which if true would warrant relief; those allegations must not be refuted by the record; and the matters complained of must have resulted in prejudice to the prisoner. *Franks v. State,* 783 S.W.2d 437, 438 (Mo.App.1990); *Short v. State,* 771 S.W.2d 859, 863[2] (Mo.App.1989). A motion for post-conviction relief which contains mere conclusional allegations and sets out no facts which, if true, would authorize relief does not warrant an evidentiary hearing. *State v. Lillibridge,* 399 S.W.2d 25, 28[2] (Mo.1966), *cert. denied,* 384 U.S. 956, 86 S.Ct. 1579, 16 L.Ed.2d 551 (1966); *State v. Statler,* 383 S.W.2d 534, 537[2] (Mo. 1964); *Boggs v. State,* 742 S.W.2d 591, 594[2] (Mo.App.1987).

The pro se motion in the instant case is a diffuse litany of conclusional allegations and abstract statements of law. Nowhere in it do we espy an averment that the lawyer who represented appellant when he pled guilty ("plea counsel") failed to interview any named alibi witness. The closest the pro se motion comes to a factual allegation is:

"Petitioner was rendered ineffective assistance of counsel.... Failure to conduct pre-trial investigations both factual and (LEGAL) failure to advance all lines of legal defense which resulted in the substantial deprivation of petitioners constitutional rights to a fair trial. Failure to call witnesses, failure to depose the states witnesses, obtain and have available information for the purposes of impeachment and or to discredit the states witnesses.

... defense counsel failure to interview potential witness ...

[P]etitioner felt compelled to enter a plea of guilty rather than face trial with an ineffective and disinterested counsel."

Of the above allegations, the only ones even arguably pleading a failure to interview alibi witnesses are (a) the averment that plea counsel failed to conduct pretrial investigations, and (b) the complaint about plea counsel's "failure to interview potential witness." The claim that plea counsel failed "to advance all lines of legal defense" is wholly conclusional. The assertion that plea counsel failed to call witnesses is immaterial to this appeal, as there was no trial and consequently no occasion to call any witness. The complaint that plea counsel failed to depose the state's witnesses and failed to compile information to impeach and discredit them is obviously not a complaint of failure to interview alibi witnesses.

Appellant's first point thus hinges on whether averments "a" and "b" pled facts warranting an evidentiary hearing.

In *McAlester v. State,* 658 S.W.2d 90, 91 (Mo.App.1983), a prisoner seeking post-conviction relief alleged his trial counsel was ineffective in that he "failed to contact the [prisoner's] alibi witnesses and discuss the nature of their testimony until the day of trial, and only then after the state had rested [its] case, and, as such, subjected the [prisoner] to a substantial prejudice inducing [him] to accept a last minute defense, and denied [him] effective assistance of counsel." The Western District of this Court held that the allegation was conclusional, and that in order to state a claim for relief on the ground that counsel was ineffective in failing to call alibi witnesses, it is necessary to allege that counsel was informed by the prisoner of the names and addresses of the witnesses, that they were available to testify, and that their testimony would have been helpful to the defense by showing the prisoner was not present at

the scene of the crime when it occurred. *Id.* at 91–92[1].

In *Sinclair v. State*, 708 S.W.2d 333, 336 (Mo.App.1986), a prisoner seeking post-conviction relief alleged his trial counsel was ineffective in failing "to investigate [the prisoner's] case and call Brandy, a gypsy, as a defense witness in [the prisoner's] behalf." The circuit court denied relief without an evidentiary hearing. This District affirmed, holding that the allegation did not warrant an evidentiary hearing, as it gave no indication of the facts to which Brandy would have testified or how the testimony would have aided the prisoner. *Id.* at 336[4].

In *Boggs*, 742 S.W.2d 591, a prisoner seeking post-conviction relief alleged his trial counsel was ineffective in failing "to call defense witnesses" at a hearing on a motion to suppress and at trial to refute statements by state's witnesses regarding "the events leading up to [the prisoner's] arrest, stenograph statement and videotaped statement that affected his state of mind and the voluntariness of his statements." *Id.* at 598. On appeal by the prisoner from a denial of relief without an evidentiary hearing, this District observed that the allegations failed to identify the "defense witnesses" whom the prisoner's lawyer neglected to call, failed to identify the state's witnesses whose statements the unnamed defense witnesses could have refuted, supplied no clue to the statements the unnamed defense witnesses could have refuted, and set forth no testimony the unnamed defense witnesses could have given for such purpose. *Id.* This District held the allegations were conclusional and pled no facts which, if true, would have authorized relief; consequently, no evidentiary hearing was warranted. *Id.*

Averments "a" and "b" of the pro se motion in the instant case fail to identify the "potential witness" whom plea counsel allegedly neglected to interview. The witness is not even characterized as an alibi witness. There is no allegation that appellant told plea counsel about the witness or that the witness could have been found. The pro se motion yields no clue to what

the witness' testimony would have been. Applying *McAlester*, *Sinclair* and *Boggs*, we hold that averments "a" and "b" of the pro se motion are conclusional and state no facts which, if true, would authorize relief. It follows that the motion court did not err in denying relief without an evidentiary hearing on those allegations. Appellant's first point is denied.

Appellant's second point maintains the motion court erred in denying relief without an evidentiary hearing on an allegation by appellant that plea counsel promised appellant a sentence of only five years instead of the eight years he received. This unfulfilled promise, says appellant, rendered his guilty plea "unknowing and involuntary."

■ Appellant's pro se motion does not mention any promise of a five-year sentence (or any other sentence) by plea counsel. As the alleged ineffective assistance on which appellant's second point is based was not pled in the pro se motion, it is not reviewable on appeal. *Spencer v. State*, 776 S.W.2d 428, 436–37 n. 3 (Mo.App.1989); *Barber v. State*, 639 S.W.2d 180, 181[2] (Mo.App.1982); *Moore v. State*, 624 S.W.2d 520, 522–23[4] (Mo.App.1981).

Appellant's third point asserts the motion court failed to enter findings of fact and conclusions of law as mandated by Rule 24.035(i) on four issues presented by the amended motion to vacate. Therefore, argues appellant, we should reverse the order denying relief and remand the case to the motion court for entry of the required findings and conclusions.

Appellant's third point would have merit if the amended motion to vacate had been cognizable in the motion court. That court's findings of fact and conclusions of law are insufficient under the standards of *Holloway v. State*, 764 S.W.2d 163, 164–65 (Mo.App.1989).

However, we have already determined that all grounds for relief in the amended motion were time barred and procedurally waived. We have also concluded that the motion court did not err in denying relief without an evidentiary hearing on the claim of ineffective assistance of counsel ad-

vanced in appellant's first point. Appellant makes no contention that an evidentiary hearing was required on any other allegation in the pro se motion.

There is no need to remand for findings and conclusions if the record allows this Court to determine the correctness of the motion court's action. *Robinson v. State,* 785 S.W.2d 323, 324[4] (Mo.App.1990); *Guyton v. State,* 752 S.W.2d 390, 391–92[2] (Mo.App.1988). Inasmuch as (1) the untimely amended motion was a nullity, and (2) appellant does not claim an evidentiary hearing was warranted on any allegation in the pro se motion other than the complaint about plea counsel's failure to interview alibi witnesses, we need no additional findings or conclusions from the motion court to determine that it did not err in denying relief without an evidentiary hearing.

Appellant's third point is denied and the order of the motion court is affirmed.

MAUS, P.J., and PREWITT, J., concur.