

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| NATALIE R. DEPRIEST, | ) | ED103349 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| vs. | ) | |
| | ) | Honorable Kenneth Wayne Pratte |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: November 24, 2015 |

Natalie DePriest ("Movant") appeals from the motion court's denial of her Rule 24.035

motion for post-conviction relief without an evidentiary hearing. Movant was convicted after a

guilty plea of producing a controlled substance by cultivating more than five grams of marijuana,

in violation of Section 195.211, RSMo (2000);[1] and of possession of a controlled substance with

intent to distribute, in violation of Section 195.211. Movant was sentenced to fifteen years in

prison on each conviction with the sentences to run concurrently. We reverse and remand to the

trial court.

## I. Background

Prior to the events in this case, Movant had been living in a residence with her brother

David DePriest ("Brother") for about seventy days. Brother had lived in the residence for about

---

[1] All further statutory references are to RSMo (2000) unless noted otherwise.

six months, prior to which he had lived in Colorado where he was licensed to legally grow marijuana.

In August of 2011, Police executed a search warrant at the residence shared by Movant and Brother. During the search, police found twelve mature marijuana plants and eight plants in an incubation stage in Brother's bathroom and closet, respectively. Two pounds of packaged marijuana were also found in the common area of the residence, as well as several pipes and a digital scale.

Brother and Movant were charged with production of a controlled substance by knowingly cultivating more than five grams of marijuana and possession of a controlled substance with intent to distribute. A rifle that was one-quarter of an inch shorter than allowed by law was also seized and led to a charge of unlawful possession of a weapon against both Movant and Brother, although only Brother was ultimately convicted of this offense. David DePriest v. State, No. 102307 (Mo. App. E.D. Oct. 27, 2015).

Both Movant and Brother were represented by the same trial counsel ("Counsel") on all counts. Counsel instructed both Movant and Brother to sign a "Statement and Waiver of Conflict of Interest" explaining that he did not anticipate any conflict arising in their cases, but that if one did arise, he may be forced to withdraw his representation of one or both of them. On March 21, 2012, Counsel wrote to both defendants about a plea offer made by the State of Missouri ("State") in which both would receive ten-year sentences with the possibility of parole after 120 days. Counsel advised both defendants not to accept the plea offer.

Counsel filed a motion to suppress evidence and proceeded with a joint preliminary hearing, during which argument was heard on the motion to suppress.[2] On March 29, 2012, after the hearing, the State proceeded to revoke its initial offer of ten years, making a new offer of

---

[2] No transcript of this hearing has been included in the legal file on appeal.

fifteen years with the same opportunity for probation after 120 days. Counsel wrote the prosecutor in an attempt to obtain a suspended imposition of sentence ("SIS") for both defendants, but the prosecutor told Counsel no further offers would be forthcoming.

Both defendants posted bond and were not initially incarcerated during this stage, but Movant was charged with a separate misdemeanor relating to a bad check and the State filed a motion to revoke her bond. On May 24, 2013, the State offered a plea agreement where Movant would serve fifteen years on one of the marijuana charges, dismissing the other two charges as well as the motion to revoke bond. The prosecutor further stated that if Movant did not take this deal, he would offer to have Movant testify against Brother and would file a motion to disqualify Counsel due to the resulting conflict of interest. Counsel wrote the next day to Movant, advising her again to reject the State's offers and recommending that they continue to push for an SIS.

Ultimately, on August 16, 2013, both defendants entered open guilty pleas to the charges against them. The State agreed to dismiss the bad check charges and not to pursue them in the future, as well as reinstating Movant's bond, in exchange for both defendants pleading guilty together. At the same proceeding where both defendants entered their open guilty pleas, five other defendants simultaneously entered guilty pleas. The trial court's reason for this procedure was "quite frankly, . . . to save a great deal of time." The trial court addressed all comments and questions to the seven defendants as a group, going down the line and having them answer one after the other.

The trial court was told during this proceeding that the dismissal of Movant's other charges and reinstatement of her bond were contingent upon Brother pleading guilty, and the trial court was aware Counsel represented both Movant and Brother. No inquiry appears to have

3

been made on the issue of a possible conflict of interest due to the dual representation. Both pleas were accepted and sentencing was set for a later date.

At the sentencing hearing, the State recommended Movant receive the maximum sentence of fifteen years on both felony charges, to be served concurrently, and the trial court followed the State's recommendation.[3] Movant timely filed her Rule 24.035 motion for post-conviction relief, which the motion court denied without an evidentiary hearing. This appeal follows.

## II. Discussion

Movant raises four points on appeal. First, Movant alleges the motion court clearly erred in denying her Rule 24.035 motion for post-conviction relief without a hearing because her trial counsel was ineffective for representing her while under an actual conflict of interest. Movant argues Counsel's dual representation of her and Brother gave rise to an actual conflict of interest, which prevented Counsel from adequately representing either defendant.

Next, Movant alleges the motion court clearly erred in denying her Rule 24.035 motion for post-conviction relief without a hearing because of the group plea hearing. Movant claims this procedure led to the trial court failing to inquire about a potential conflict of interest and resulted in prejudice to Movant.

Third, Movant alleges the motion court clearly erred in denying her Rule 24.035 motion for post-conviction relief without a hearing because Missouri law arbitrarily classifies marijuana as a schedule I controlled substance. Movant claims scientific consensus has emerged that marijuana's potential for abuse is low and that it has safe and accepted medical uses.

---

[3] The trial court imposed two concurrent fifteen-year sentences for the marijuana-related charges and a consecutive sentence of seven years for the unlawful weapons charge on Brother, for a total of twenty-two years.

4

Finally, Movant alleges the motion court clearly erred in denying her Rule 24.035 motion for post-conviction relief without a hearing because Counsel was ineffective for advising Movant to plead guilty instead of challenging the arbitrary classification of marijuana as a schedule I controlled substance.

Standard of Review

Our review of the denial of a post-conviction motion is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k). The findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, we are left with a definite and firm impression that a mistake has been made. Lynn v. State, 417 S.W.3d 789, 796 (Mo. App. E.D. 2013).

Movant is not entitled to an evidentiary hearing if the motion and files of the case conclusively show Movant is not entitled to relief. Rule 24.035(h). "To be entitled to a hearing, Movant must: (1) cite facts, not conclusions, which would warrant relief; (2) show the factual allegations are not conclusively refuted by the record; and (3) show he was prejudiced by the factual allegations." Moore v. State, 974 S.W.2d 658, 659 (Mo. App. E.D. 1998). For the denial of an evidentiary hearing to be justified, the record must be "'specific enough to refute conclusively the movant's allegation.'" Lomax v. State, 163 S.W.3d 561, 563 (Mo. App. E.D. 2005) (quoting State v. Driver, 912 S.W.2d 52, 56 (Mo. banc 1995)).

Analysis

In Movant's first and second points, she alleges the motion court erred in denying her Rule 24.035 motion for post-conviction relief without an evidentiary hearing because Counsel was ineffective as he was operating under an actual conflict of interest by representing both Movant and Brother, and because he allowed Movant to submit a group plea with Brother and

5

five other defendants. We agree, and find that the record demonstrates that the trial court's procedure of utilizing group guilty pleas rendered Movant's plea involuntary.

"If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." Lafler v. Cooper, 132 S.Ct. 1376, 1387 (2012). This right to effective assistance during the plea bargaining process includes the right to counsel who is not encumbered by a conflict of interest. See Holloway v. Arkansas, 435 U.S. 475, 481 (1978). "In order to prove a conflict of interest, something must have been done by counsel or something must have been forgone by counsel and lost to defendant, which was detrimental to the interests of defendant and advantageous to another." Lomax v. State, 163 S.W.3d 561, 564 (Mo. App. E.D. 2005). If trial counsel is shown to be operating under an actual conflict of interest, prejudice is presumed. Id., citing State v. Griddine, 75 S.W.3d 741, 745 (Mo. App. W.D. 2002).

The motion court held that Movant could not demonstrate Counsel was affected by an actual conflict of interest because Movant could not show what she lost due to Counsel's representation. This conclusion is clearly erroneous, as Movant was initially offered a plea deal where she would receive only ten years in prison and the possibility of probation after 120 days. Further, Counsel clearly believed that Movant was less culpable than Brother, which he stated multiple times in letters to Movant and the State. In a letter after the preliminary hearing, Counsel wrote to the prosecutor:

> Regarding [Movant's] charges, it simply seems obvious that there is no evidence of her involvement with any felonious activity. I do not deny that she may well have been aware of the fact that [Brother] was growing marijuana plants in the closet of his bedroom, but I have not seen any evidence whatsoever to indicate that she participated in that activity.

6

Clearly, Counsel felt it was in Movant's best interest not to plead guilty at all, and that Brother should take the best possible plea he could obtain. Accordingly, Movant and Brother's interests were at odds and Counsel should have withdrawn due to the actual conflict of interest. We must presume prejudice resulted from Counsel's continued representation. Cuyler v. Sullivan, 446 U.S. 335, 349-50 (1980).

Further, even if we were not presuming prejudice from Counsel's conflict of interest in representing both Movant and Brother, the group-plea procedure used by the trial court was enough to make Movant's plea involuntary. While Counsel should have objected to the group-plea, the trial court's continued use of this troubling procedure was improper.

In reviewing Movant's claim that the group-plea procedure itself invalidated her guilty plea, the motion court, which was the same court who received Movant's plea, rejected Movant's argument because she had not alleged that she was merely "parroting" the answers of the other defendants present.[4] However, the risk of a defendant parroting other defendant's answers is not the only risk involved in the group-plea procedure repeatedly employed, to this Court's frustration, by the trial court here.[5]

When the trial court knows or should know that a conflict of interest exists, it has a "duty to inquire into the propriety of a multiple representation." Mickens v. Taylor, 535 U.S. 162, 168 (2002) (citing Cuyler, 446 U.S. at 347). "The court's institutional interest

---

[4] This "parroting" language is taken from Judge Richter's concurrence in Wright v. State, 411 S.W.3d 381, 388 (Mo. App. E.D. 2013), which criticized this same trial court's use of group pleas.

[5] Another issue here is that the transcript of the plea hearing provided to this Court has been redacted so as to only include Movant's and Brother's responses to the trial court's questions. This redaction, no matter whether it was the decision of Movant or the trial court, is improper as it fails to give this Court a complete picture of what transpired at the hearing. Rule 81.15(b) provides that the transcript "shall be certified by the court reporter as a true and accurate reproduction of the proceedings transcribed." For our appellate review, especially in a situation as this where the procedure itself is at issue, a full record of the proceeding is required, and if necessary this Court can order a redacted transcript itself.

7

in protecting the truth-seeking function of the proceedings over which it presides requires the court to consider whether the defendant has effective assistance of counsel, regardless of any purported waiver." State ex rel. Horn v. Ray, 325 S.W.3d 500, 510-11 (Mo. App. E.D. 2010). "Unregulated multiple representation may jeopardize not only the defendant's interest but the institutional interest in rendering just verdicts." Id., citing Wheat v. U.S., 486 U.S. 153, 160 (1988).

Here, due to having heard arguments on the motion to suppress, it is likely the trial court was well aware that Movant and Brother had substantially different levels of culpability, and thus the trial court should have been able to conclude that Counsel could not effectively represent them both. Movant at any time could have decided she wanted to testify against Brother and caused an obvious conflict of interest, a fact of which the trial court should have been well aware. Further, the State's offers to Movant were contingent on Brother's simultaneous guilty plea, another problematic issue the trial court should have addressed. See State ex rel. White v. Gray, 203 N.W.2d 638, 644 (Wis. 1973) ("the voluntariness of a plea bargain which contemplates special concessions to another – especially a sibling or loved one – bears particular scrutiny by a trial or reviewing court conscious of the psychological pressures upon an accused such a situation creates.") The State even acknowledged during oral argument that the plea agreement being contingent upon both defendants pleading guilty "potentially enhanced th[e] potential for a conflict."

Perhaps most troubling here is the trial court's valuing of its own time as more important than the fair administration of justice. "'[C]ourts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the

8

profession and that legal proceedings appear fair to all who observe them.'" <u>Horn</u>, 325 S.W.3d at 511, quoting <u>Wheat</u>, 486 U.S. at 160. The trial court's stated chief concern of saving "a great deal of time" violated this ethical standard of fairness in the proceeding.

It is easy to see how Movant could have felt improper pressure to plead guilty and not rock the boat during the hearing. Her Brother, whom Counsel felt was more culpable than Movant, was pleading right next to her, and the plea bargain Movant was offered was contingent upon both Movant and Brother pleading guilty together. Further, the trial court had stated on the record that he was trying to save time, so it is not difficult to see how Movant would be afraid to deviate from the plan to plead guilty. Movant was trapped in a position where any complaint from her could have resulted in harsher treatment for Brother and herself. While Movant did say on the record that she was agreeing to plead guilty, all the circumstances of the situation point toward her being coerced and intimidated into doing so. We find Movant's guilty plea was involuntary and thus invalid.

The motion court clearly erred in denying Movant's Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Further, we find no evidentiary hearing was necessary as Movant's plea was involuntary. <u>Luster v. State</u>, 795 S.W.2d 109, 113 (Mo. App. S.D. 1990).

We need not reach Movant's third and fourth points on appeal regarding marijuana's classification as a schedule I controlled substance because Movant's first and second points demonstrate reversible error.

9

### III. Conclusion

The judgment is reversed and remanded to the trial court with instructions to vacate Movant's guilty plea. Further, as stated by the United States Supreme court, where ineffective assistance of counsel led to rejection of a plea offer, "[t]he correct remedy . . . is to order the State to reoffer the plea agreement." Lafler v. Cooper, 132 S.Ct. 1376, 1391 (2012). Movant must have an opportunity to decide whether to accept the State's initial plea offer with the advice of competent and non-conflicted counsel.

_____
ROY L. RICHTER, Judge

Robert G. Dowd, Jr., P.J., concurs
Mary K. Hoff, J. concurs

10