Charles Lee HIRSCH,
Movant-Appellant,

v.

STATE of Missouri,
Plaintiff-Respondent.

No. 49722.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 3, 1985.

Motion for Rehearing and/or Transfer
Denied Oct. 3, 1985.

Dorothy Mae Hirzy, Asst. Public Defender, St. Louis, for movant-appellant.

Christine M. Szaj, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

This is an appeal from the trial court's dismissal of movant's Rule 27.26 motion to vacate his jury conviction and seven year sentence for first degree attempted burglary. This court affirmed the judgment and sentence on appeal. *State v. Hirsch*, 669 S.W.2d 70 (Mo.App.1984).

Movant filed a pro se Rule 27.26 motion to vacate the judgment and sentence. Movant's grounds for such relief were: "(1) Unlawful search and seizure by Bridgeton Police Department; (2) Defendant was arrested without warrant and without authority and without probable cause to believe a felony had been committed; (3) Matters mentioned are in violation of the defendant's constitutional rights under the Fifth Amendment and the due process clause of the Fourteenth Amendment of the United States Constitution and under Article I, § 19 and Article I, § 10 of the Missouri Constitution." The minutes of proceedings reflect that a special public defender was appointed by the court on June 28, 1984 to represent movant. On November 1, 1984, the state filed a motion to dismiss movant's cause claiming it was facially invalid "as movant raises grounds which could have been raised on direct appeal." The trial court sustained state's motion on that ground. We granted leave to file a late appeal.

Movant contends the trial court erred in dismissing his motion because movant did

not receive assistance of counsel prior to the dismissal of his motion, and the trial court failed to comply with Rule 27.26(i) in not making findings of facts and conclusions of law. We reverse and remand.

█ Although the minutes of proceedings indicate a special public defender was appointed to represent movant, the record does not evidence any representation by appointed counsel prior to the trial court's dismissal of the motion. In the motion for leave to file this appeal out of time, movant alleges no attorney ever contacted him. Rule 27.26(h) mandates that counsel be appointed in every 27.26 proceeding, even one initiated by defective pro se motion, so that counsel may confer with the movant, examine his case, and present every possible claim in a single proceeding. *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978); *Bainter v. State*, 637 S.W.2d 811, 812 (Mo. App.1982). It was error to dismiss movant's motion where movant received no representation after filing the pro se petition.

█ The ruling of the trial court is responsive to the pro se pleading and is legally correct. However, appointed counsel may be able to amend the pleadings to state a claim cognizable under Rule 27.26 and 27.26(h) affords that possibility. We may conclude that the facts would not support an amended motion only when the record demonstrates the active participation of appointed counsel and no amended motion is filed. The better procedure would be to make that determination clear as a matter of record.

We reverse and remand for further proceedings in compliance with Rule 27.26(h).

PUDLOWSKI, P.J., and CARL R. GAERTNER, J., concur.