**Jerome E. BERRY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 51607.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 23, 1986.

Michael D. Burton, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Byrona Kincanon, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Appellant was jury-convicted of two counts of forcible rape, one count of attempted robbery in the first degree and one count of kidnapping. His convictions were affirmed by this court on direct appeal in *State v. Berry*, 679 S.W.2d 868 (Mo.App. 1984). On November 21, 1985, appellant filed a motion, pro se, to vacate his sentence under Rule 27.26. A special assistant public defender was appointed to represent him on December 3, 1985 and a hearing on the motion was set for January 30, 1986. On January 14, 1986, the special assistant public defender filed a motion to withdraw and/or in the alternative to stay proceedings until a test case could be determined by the Missouri Supreme Court. The basis for this motion was a directive from the Missouri Public Defender Commission to refrain from further representation of 27.26 movants who alleged ineffective assistance by public defenders. The motion referred to an opinion of the Advisory Committee of the Missouri Bar Administration finding the existence of a conflict of interest in such cases. On January 30, 1986, the trial court denied this motion, but did not schedule a new date for a hearing.

Also on January 30, 1986, the state filed a motion to dismiss appellant's petition without an evidentiary hearing for failure to state a claim upon which relief might be granted. The record fails to show that this motion was ever noticed for hearing, argued or submitted without oral argument. Nevertheless, on April 3, 1986, the state's motion to dismiss was sustained. The minutes of proceedings as reflected by the legal file show no activity on this matter between January 30 and April 3, 1986. We take notice that on March 27, 1986, the Supreme Court of Missouri issued its opinion in *State ex rel. Public Defender Commission v. Bonacker*, 706 S.W.2d 449 (Mo. banc 1986), approving the appointment of public defenders to represent movants in this type of Rule 27.26 motions.

The similarity between this case and *Ray v. State*, 644 S.W.2d 663 (Mo.App.1982) is striking. In *Ray* a public defender appointed to represent a Rule 27.26 movant sought leave to withdraw because a since repealed statute, § 600.066, RSMo. 1978, as amended, Laws of Missouri, 1980, p. 503, purported to prohibit the appointment of a public defender in a Rule 27.26 motion. The trial court there denied counsel's motion to withdraw and at the same time dismissed the 27.26 motion. We observed the public defender "was truly between the horns of a dilemma—a charge of contempt of court if he refused the appointment—a violation of the statute if he did not." *Id*, at 665. We concluded the dismissal of "the motion immediately after the Public Defender was first placed in a position to undertake a proper representation of his client was in contravention of the intent of Supreme Court Rule 27.26(h) and requires the remanding of this cause to the circuit court." *Id.*

Rule 27.26(h) requires a reasonable time for appointed counsel to confer with a 27.26 movant in order to ascertain facts supportive of the allegations of a pro se motion and possible additional but then unstated grounds for relief. Counsel is to file an amended motion if appropriate. In the instant case, until six days prior to the dismissal of the 27.26 motion, appointed counsel could undertake actual representation of his client only by risking a charge of conduct proscribed as unethical by the Advisory Committee, the body empowered by the Supreme Court to interpret and regulate the Canons of Legal Ethics. Rule 5.06. Moreover, he was under direct orders from the Missouri Public Defender Commission to refrain from such representation until the conflict of interest issue could be determined by the Supreme Court.

Appellant also contends the dismissal of the 27.26 motion without notice and without affording counsel an opportunity to be heard is in violation of the rule set forth in *Wheatley v. State*, 559 S.W.2d 526, 527 (Mo.banc 1977) (quoting from *Hoppe v. St. Louis Public Service Co.*, 361 Mo. 402, 235 S.W.2d 347, 350 (banc 1950)):

> "In our system of jurisprudence reasonable notice to a litigant (when there exists even the possibility of action adverse to his interests) is deemed to be of the essence of fairness and justice. Reasonable notice to parties whose interests are at stake in a contemplated order is a prerequisite to the lawful exercise of the court's power. Opportunity for a litigant to present his views as to the matters instantly before the court which may affect his rights is the very foundation stone of our procedure."

Arguing against reversal, the attorney general points to the following language in the trial court's findings of fact and conclusions of law: "the court upon review of movant's petition, the transcript and file in [the underlying cause], and after conferring with the attorneys in this matter, dismisses the petition and denies petitioner's motion for an evidentiary hearing." The public defender, representing appellant in the trial court and on appeal, asserts the trial judge agreed to stay a pre-hearing conference until after the Supreme Court determined the ethical issue created by the opinion of the Advisory Committee.[1] He

---

1. This contention, while perhaps inferable from the timing of the dismissal, is not supported by the record before us.

claims the dismissal of the 27.26 motion was without any discussion between the trial judge and appellant's attorney.

The paucity of the record maintained in the trial court renders it impossible for us to resolve these conflicting positions. The docket sheet reflects the filing of the state's motion to dismiss on one line and the dismissal of appellant's petition on the next. If a conference was held it was not recorded, and there is no indication the court gave any notice of its intention to act on the motion. In short, the phrase "after conferring with the attorneys" set forth in the findings of fact and conclusions of law is totally unsupported by the record. Apparently appellant's attorney was under the impression the court did not expect him to violate the directives of the Public Defender Commission so long as the question of the existence of any ethical conflict of interest remained unresolved. It would also appear that the decision of the trial court six days after the resolution of this issue may have been entered without knowledge of whether any amendment to the pro se motion was appropriate. The right of an incarcerated prisoner to have his conviction reviewed for constitutional infirmity is so integral to our system of justice that it should not be relegated to haphazard and indeterminate procedures. The elaborate and detailed procedures imposed upon the court and counsel by the requirements of Rule 27.26 evidence the importance of this right.

We are not unmindful of the fact that informal, "off-the-record" discussions between a trial judge and attorneys are conducive to the efficient resolution of some issues. We certainly do not wish to discourage such attempts to expedite litigation by dispensing with procedural formality in order to reach the ultimate issue for agreement or determination. However, for purposes of appellate review such "behind the scenes" conferences are meaningless in the absence of some record of what occurred. If a side-bar or in chambers discussion is unrecorded, it may as well never have taken place. It is incumbent upon a trial judge to make certain we have a record of what he has decided, and it is helpful if we are informed of his reasons. It is equally incumbent upon an attorney to provide us with the record of the contentions he has presented to the trial court; otherwise, we may find his point unreviewable.

In cases such as this, involving the dismissal of a pro se motion for post-conviction relief, the record presented for appellate review should contain some indication that the requirements of Rule 27.26(h) have not been ignored. It does not seem unduly burdensome for the trial court, before dismissing without evidentiary hearing, to schedule a pre-hearing conference and require appointed counsel to acknowledge on the record that he has contacted his client and that no amendment or addition to the pro se petition is desired. Such a simple acknowledgement, either by written memorandum or statement on the record, could obviate the delay in attaining finality which we must reluctantly impose in order to make certain there has been no deprivation of constitutionally protected rights.

The dismissal of the 27.26 motion without ascertaining whether or not the requirements of Rule 27.26(h) had been complied with was premature. Accordingly, the case is remanded for further proceedings not inconsistent with this opinion.

SNYDER, C.J., and SIMEONE, Senior Judge, concur.