**Vincent X. LEE, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 14637.

Missouri Court of Appeals,
Southern District,
Division One.

May 13, 1987.

Ginger Wagner Jones, Holden & Jones, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Dana Richards-Crosswhite, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Presiding Judge.

Vincent X. Lee appeals from the denial, without evidentiary hearing, of his motion to vacate two convictions for first degree murder and two for first degree robbery, for which he received four concurrent life imprisonment sentences. We reverse and remand.

Lee's convictions came after a jury trial on a four-count indictment charging him with robbing a 7–Eleven Food Store employee and a store customer, and shooting them to death after the robbery. Lee's convictions were affirmed on appeal, *State v. Lee*, 556 S.W.2d 25 (Mo. banc 1977), but this decision was reversed by the United States Supreme Court because of underrepresentation of women in the jury venire. *Lee v. Missouri*, 439 U.S. 461, 99 S.Ct. 710, 58 L.Ed.2d 736 (1979). Following a change of venue from Jackson County, where the crimes occurred, a Greene County jury again convicted Lee on all four counts of the indictment. The conviction was again affirmed on appeal. *State v. Lee*, 617 S.W.2d 398 (Mo.1981).

Lee then filed a pro se motion to vacate his convictions. The motion alleged 1) systematic exclusion of blacks from the jury panel, 2) erroneous admission into evidence of articles unlawfully taken from Lee's home, automobile, and person, 3) ineffective assistance of trial counsel, and 4) subjecting Lee to double jeopardy by trying him on two robbery counts when the indictment alleged but a single act of robbery. No facts were alleged in the pro se motion to support Lee's assertions that the errors of commission and omission by the trial court were violative of his constitutional right to a fair trial.

Since Lee was an indigent, counsel was appointed for him. Counsel was given 20 days to file amended pleadings, if deemed necessary, and an evidentiary hearing was ordered. No amended pleadings were filed, and no evidentiary hearing was held. The motion court, without notice to the parties, denied Lee's motion to vacate, noting that the motion failed to state facts which, if true, would entitle Lee to relief and, also, that most of the allegations of

Lee's motion referred to alleged trial court errors which should have been raised on direct appeal.

In his appeal, Lee asserts, among other things, that:

A. Movant was unable to adequately confer with his counsel thus denied an opportunity to amend his pleadings to present facts sufficient to support the grounds asserted in his motion.

B. Movant requested withdrawal of his counsel and appointment by the court of new counsel in his writ of prohibition to enable him to properly present his cause of action, however, his counsel did not withdraw and the court did not decide his request prior to the court's denial of the motion.

C. Movant was not provided notice prior to the court's action denying his motion, thus, he was also precluded from presenting evidence or argument on his own behalf to establish any type of record of the issues raised in the motion or of the proceedings thereon.

Lee further contends that, even if some of the matters complained of in his pro se motion concerned trial court error, they were of such constitutional magnitude that he should be permitted to raise them in a post-conviction motion.

Rule 27.26(h) provides:

When an indigent prisoner files a pro se motion, the court shall immediately appoint counsel to represent the prisoner. Counsel shall be given a reasonable time to confer with the prisoner and to amend the motions filed hereunder if desired. Counsel shall have the duty to ascertain from the prisoner the facts supporting the grounds asserted in the motion and if those facts are not sufficiently stated in the motion, counsel shall file an amended motion. Counsel also shall ascertain from the prisoner whether he had included all grounds known to him as a basis for attacking the judgment and sentence and, if not, shall file an amended motion which also sufficiently alleges any additional grounds and the facts in support thereof. If, for good cause shown, appointed counsel is permitted to withdraw, the trial court shall appoint new counsel to represent the indigent defendant.

There is nothing in the record to indicate that counsel complied with this rule.

It has been held that in order to comply with the rule, it is necessary that (1) counsel advise movant of proposed amendments so as to state factually in a lawyerlike fashion the basis for all claims for relief under Rule 27.26 which movant claims to have, *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978), (2) that movant be informed of the probability of dismissal if the amendment is not made, and (3) without just cause movant refused to permit such amendment. *Pool v. State*, 634 S.W.2d 564, 566 (Mo.App.1982).

There is nothing in the record to indicate that counsel complied with these prerequisites. In fact, there is no record of *any* representation of Lee by counsel in the 27.26 proceeding prior to filing of the notice of appeal, other than a copy of a writ of prohibition, evidently filed in the Supreme Court by Lee, in which he requested the trial court be ordered to appoint new counsel because his present lawyer would not communicate with him, and refused to accept his telephone calls regarding the case. Under such circumstances, it was error to deny Lee's motion to vacate his convictions. *Hirsch v. State*, 698 S.W.2d 604, 605 (Mo.App.1985).

While the ruling by the motion court may have been correct on the basis of what was before it at that time, we do not believe that Lee's constitutional and statutory rights should be foreclosed on the basis of the shoddy record we have here. It is significant that in its brief filed here, the state does not contest Lee's claim of ineffective representation.

The order of the motion court denying Lee's motion to vacate is reversed, and the cause is remanded for further proceedings in compliance with Rule 27.26(h).

CROW, C.J., and HOLSTEIN, J., concur.