**Orville JACKSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 53484.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 22, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 25, 1988.

Application to Transfer Denied July 26, 1988.

Holly G. Simons, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant Orville Jackson appeals from the dismissal of his Rule 27.26 motion without an evidentiary hearing. Movant was convicted in a jury-waived trial of possession of heroin, a Schedule I controlled substance. RSMo § 195.020 (1986). He was sentenced as a persistent offender to fourteen years imprisonment. This court affirmed the conviction on direct appeal. *State v. Jackson,* 686 S.W.2d 21 (Mo.App., E.D.1984). On this appeal movant argues that the court erred in dismissing his motion in that his Rule 27.26 counsel failed to amend movant's *pro se* motion and to ascertain whether all grounds for relief were included in the motion. We affirm.

Although not stated as such, movant essentially sets forth a claim of ineffective assistance of counsel in the pursuit of

his Rule 27.26 motion. Movant alleges that his Rule 27.26 counsel failed to amend movant's *pro se* motion and that the record does not show that counsel ascertained whether all grounds known to movant were included. But movant's allegation of ineffective assistance of his Rule 27.26 counsel is not a cognizable claim on appeal. *Feemster v. State*, 735 S.W.2d 159, 159 (Mo.App., E.D.1987). Further, movant does not claim that he was aware of any additional grounds to be alleged in an amended motion nor does movant claim that counsel failed to allege grounds that were available. *Eggers v. State*, 734 S.W.2d 300, 303 (Mo.App., E.D.1987).

Movant cites several cases in which this court reversed the trial court's dismissal of a movant's Rule 27.26 motion based upon appointed counsel's failure to amend the movant's *pro se* motion. *See Young v. State*, 724 S.W.2d 326 (Mo.App., E.D.1987); *Berry v. State*, 722 S.W.2d 130 (Mo.App., E.D.1986); *Hirsch v. State*, 698 S.W.2d 604 (Mo.App., E.D.1985). Each of these cases is clearly distinguishable from the case presently before us. In *Young*, the trial court had twice granted counsel thirty days leave to amend the movant's *pro se* motion indicating a need for amendment. *Young*, 724 S.W.2d at 326. Twice counsel failed to amend and thereafter the court dismissed movant's motion without notice and without a hearing. *Id.* In *Berry*, movant's counsel requested the court to stay the proceedings in light of a pending case regarding possible conflicts of interest in public defenders representing movants' Rule 27.26 claims. *Berry*, 722 S.W.2d at 130–31. (*See State ex rel. Public Defender Comm'n v. Bonacker*, 706 S.W.2d 449 (Mo. banc 1986)). One week after the Supreme Court issued its opinion in *Bonacker*, the trial court dismissed the movant's motion without notice and without affording counsel an opportunity to be heard on the motion. *Berry*, 722 S.W.2d at 131. Likewise in *Hirsch*, there was no indication on the record of any participation by appointed counsel prior to the court's dismissal. *Hirsch*, 698 S.W.2d at 605.

In the case presently before us, counsel for movant and the State attended a pre-hearing conference. Thereafter, movant's counsel offered arguments to the court on the Rule 27.26 motion. The record before us does not indicate a total lack of participation by appointed counsel as did the records in *Young, Berry* and *Hirsch*. After reviewing movant's Rule 27.26 motion we do not find it to be "an incomprehensible, 'inarticulate and inartful expression of frustrations.'" *Young*, 724 S.W.2d at 327 (quoting *Fields v. State*, 572 S.W.2d 477, 481–82 (Mo. banc 1978)). However, we do agree with the trial court that movant failed to meet his burden of showing entitlement to relief on his Rule 27.26 motion.

The findings, conclusions and judgment of the trial court are not clearly erroneous. Rule 27.26(j). Affirmed.

REINHARD and CRIST, JJ., concur.