**Eddie L. LUSTER, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. WD 41666.**

Missouri Court of Appeals, Western District.

March 6, 1990.

Larry C. Pace, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before NUGENT, C.J., and FENNER and ULRICH, JJ.

NUGENT, Chief Judge.

A jury found defendant-movant Eddie L. Luster guilty of second degree murder and armed criminal action, and the court sentenced him to two consecutive terms of life imprisonment. We affirmed that judgment in *State v. Luster,* 750 S.W.2d 474 (Mo. App.1988). Thereafter, he sought relief in a Rule 29.15 motion, but the circuit court dismissed his motion without an evidentiary hearing. He now contends that the motion court clearly erred in summarily denying his claims of ineffective assistance of counsel. We reverse and remand for further proceedings under Rule 29.15.

Mr. Luster's underlying convictions arose from the stabbing death of his estranged wife on Christmas Eve, 1986. The case attained notoriety through media coverage because several weeks before her death the victim had been denied a protective order in a domestic action against her husband because she could not pay the filing fee.

Movant Luster filed his pro se Rule 29.15 motion and a handwritten motion for an evidentiary hearing on June 24, 1988. He sent numerous requests to the motion court seeking the appointment of counsel. In a letter received on September 2, 1988, he notified the court that he wanted to raise additional grounds for postconviction relief. (See chronology set out in appendix to this opinion.)

On September 2, 1988, the court finally appointed the state public defender to represent him and granted appointed counsel

thirty days to file an amended motion. On September 8, 1988, the state public defender assigned Roy King, Jr., to represent the movant in the postconviction proceeding, but he did not enter his appearance until September 30, 1988.

In other letters seeking the court's assistance, Mr. Luster expressed his uncertainty about the appointment of counsel and concern about meeting deadlines. Reporting a single contact with appointed counsel that took place on October 8, 1988, he advised the court that counsel had no copy of his pro se motion. Movant informed the court that he had asked counsel to obtain a copy of the pro se motion and to request an extension of time to amend but that counsel had failed to respond to his letters and his family's telephone calls.

On its own motion, the court extended the time to amend the motion until November 1, 1988. On November 2, 1988, Mr. Luster filed a pro se amendment asserting additional grounds, a motion for an evidentiary hearing and a motion to disqualify the judge. On that same date, appointed counsel filed a motion requesting a copy of the transcript of the movant's "guilty plea."

On the motion for change of judge the court transferred the case to another division. On December 5, 1988, the newly-assigned judge struck movant's pro se amendment and his request for an evidentiary hearing filed on November 2, 1988, because the amendment was unverified and both were untimely filed one day after the deadline.

In its December 6 findings of fact and conclusions of law, the motion court noted that movant had not filed an amended motion and had made no proper request for an evidentiary hearing in compliance with Rule 29.15(f) and (g). The court then set forth its reasons for denying relief on each ground presented in the original pro se motion and dismissed the motion.

Mr. Luster himself filed a motion to reconsider, other post-judgment motions and the notice of appeal. The court denied the motions but wrote a letter to the state public defender seeking appointment of appellate counsel for Mr. Luster and advising that his motion counsel had done nothing.

On appeal Mr. Luster contends that the rule entitled him to an evidentiary hearing on four claims of ineffective assistance of his trial counsel for failure to seek a change of judge, to seek a change of venue, to request a mental examination, and to interview and call named witnesses who could have aided his defense. Movant had presented the first two claims in his original pro se motion. He raised the latter two claims in the November 2 pro se amendment that the court later struck.

■ Rule 29.15(g) bars an evidentiary hearing when no timely request is made or when the motion, files and record of the case conclusively show no entitlement to relief. When the movant timely requests a hearing, the court determines the necessity for an evidentiary hearing by examining the motion to see whether it alleges facts, not conclusions, that if true warrant relief, whether those facts raise matters not refuted by the record and whether the matters complained of prejudiced the defendant. *Burroughs v. State,* 773 S.W.2d 167, 169 (Mo.App.1989).

The motion court apparently overlooked Mr. Luster's pro se motion for an evidentiary hearing filed with his original Rule 29.15 motion on June 24, 1988. Although handwritten, the movant in fact made the request by motion filed before the date set for amendment in compliance with Rule 29.15(g). The court clearly erred in finding otherwise. It based its denial of the movant's claims of ineffective assistance of trial counsel for failure to request changes of judge and venue on "trial strategy." The record does not make clear whether the court appropriately determined the necessity for a hearing. In view of the court's mistaken belief that the movant had made no timely requests for an evidentiary hearing, the court undoubtedly concluded that no consideration had to be given the merits of the factual allegations of Mr. Luster's motion. But, in fact, because the defendant filed a timely request, under *Burroughs, supra,* the court should have conducted the three-prong examination of the

original pro se motion to determine the movant's entitlement to an evidentiary hearing. The court clearly erred in failing to do so, requiring reversal.

Mr. Luster's appointed motion counsel also failed adequately to perform the duties imposed by Rule 29.15(e), which provides in pertinent part as follows:

> Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds.

The wording of Rule 29.15(e) follows that of former Rule 27.26(h), now repealed. *State v. Perez,* 768 S.W.2d 224, 228 (Mo.App.1989), and cases interpreting the former rule guide us in construing the new rule. *Johnson v. State,* 773 S.W.2d 239, 240 (Mo.App.1989). Rule 29.15(e) requires appointed counsel to file an amended motion when necessary. Thus, where the pro se motion fails to allege sufficient facts or a full and accurate statement of the grounds, fails to raise all known grounds or is incomprehensible, counsel must act. *Perez,* 768 S.W.2d at 228; *Woolsey v. State,* 738 S.W.2d 483, 485 (Mo.App.1987). *See Fields v. State,* 572 S.W.2d 477, 483 (Mo.1978) (en banc).

Missouri courts have reversed denials of postconviction motions when appointed counsel have failed to amend a pro se motion. *Lee v. State,* 729 S.W.2d 647 (Mo.App.1987); *Young v. State,* 724 S.W.2d 326 (Mo.App.1987); *Berry v. State,* 722 S.W.2d 130 (Mo.App.1986); *Jones v. State,* 702 S.W.2d 557 (Mo.App.1985); *Hirsch v. State,* 698 S.W.2d 604 (Mo.App.1985); *Goings v. State,* 676 S.W.2d 64 (Mo.App.1984); *McAlester v. State,* 658 S.W.2d 90 (Mo.App.1982); *Pool v. State,* 634 S.W.2d 564 (Mo.App.1982). Nevertheless, failure to amend a pro se motion does not itself constitute ground for reversal. *Guyton v. State,* 752 S.W.2d 390, 391 (Mo.App.1988); *Eggers v. State,* 734 S.W.2d 300, 303 (Mo.App.1987). But where the court has summarily dismissed an unamended pro se motion, the record should reflect that appointed counsel actively participated in the proceedings on the movant's behalf. *Hirsch,* 698 S.W.2d at 605.

The instant record shows that Mr. Luster's appointed counsel failed in his duty to acquaint himself with potential grounds for relief, to redraft the claims of ineffective assistance of trial counsel, and to participate actively on the movant's behalf. Counsel's failure even to obtain a copy of the pro se motion and his request for a "guilty plea" transcript when movant's conviction followed a lengthy jury trial clearly show his ignorance of the grounds for relief. *Cf. Jones,* 702 S.W.2d at 559 (where reversal was based in part on counsel's failure to ascertain all grounds for relief). Counsel's revision of the motion more accurately asserting the ineffective representation claims might have secured an evidentiary hearing and changed the result. *See e.g., Jones, supra; Hirsch,* 698 S.W.2d at 605; *McAlester,* 658 S.W.2d at 91; *Parcel v. State,* 637 S.W.2d 440 at 442 (Mo.App.1982). Counsel also neglected his duty to assist Mr. Luster when he filed no requests for extension or for a hearing and neglected to notify the court about the timely-filed pro se request for a hearing. *Cf. Perez,* 768 S.W.2d at 228 (counsel's filing of motions for extension and a hearing and appearing on the movant's behalf constitute factors in denying reversal for failure to amend).

Moreover, counsel's ignorance or disregard of the time limitations imposed by Rule 29.15 served to deny the movant review of the claims presented in his pro se amendment. Although the thirty-day period for amendment begins with the appointment of counsel, September 2 in this case, motion counsel did not enter his appearance until September 30. He did not contact the movant until October 8, six days after the expiration of the initial time-period for filing the amended motion. In addition, he filed the motion for a copy of the transcript beyond the extended deadline.

Motion counsel's inaction constituted a complete failure to supply legal services and deprived Mr. Luster of any opportunity fully and fairly to litigate his claims for postconviction relief. *See Fields,* 572 S.W.2d at 482. Early in the postconviction proceedings, Mr. Luster expressed his desire to raise additional grounds. *Cf. Perez,* 768 S.W.2d at 228 (in which counsel's apparent lack of notice of the additional grounds militated against reversal for failure to amend). After unavailing attempts to gain counsel's cooperation and requests to the court for assistance, Mr. Luster undertook to file his own amendment, only to be disqualified for untimely filing and failure to verify.[1] *Cf. Lee,* 729 S.W.2d at 648 (factors contributing to reversal included counsel's failure to communicate with the movant and the movant's attempts to secure appointment of new counsel); *see generally Young,* 724 S.W.2d at 328 (which points out the incongruity between appointing counsel then penalizing the movant when counsel defaults).

The court strictly enforced the time limitations imposed by Rule 29.15. The rule does not require the court to give notice before dismissing the motion.[2] By the time of transfer of the case to the new division, all deadlines applicable to the movant had passed. The Missouri Supreme Court recently upheld the time requirements of Rule 29.15 as mandatory, valid, and reasonable. *Day v. State,* 770 S.W.2d 692, 695 (Mo.1989) (en banc). However, because an incarcerated prisoner's right to review of his conviction for constitutional infirmity inheres in our system of justice, appointed motion counsel must provide a certain level of representation. *Johnson v. Buehler,* 767 S.W.2d 351 (Mo.App.1989); *Berry,* 722 S.W.2d at 132. Therefore, when the court concludes that counsel has totally defaulted in performing his duties under Rule 29.15(e), it should appoint new counsel and restart the running of time limitations for amendment.

Warrant for the extraordinary relief of reversal for appointed motion counsel's failure to amend does not arise unless the record indicates that the movant had a justiciable claim that appointed counsel failed to present. *Perez,* 768 S.W.2d at 228; *Woolsey,* 738 S.W.2d at 485. The appellant's brief must specify the additional grounds that counsel neglected to raise. *Grove v. State,* 772 S.W.2d 390, 393 (Mo. App.1989); *Guyton,* 752 S.W.2d at 392–93. Mr. Luster met this requirement by identifying his claims of ineffective assistance of trial counsel for failure to request a mental examination and to interview named witnesses. He also raised colorable claims in his original pro se motion relating to trial counsel's alleged failure to request changes of judge and venue that the motion court may not have properly examined before dismissal without an evidentiary hearing.

For the foregoing reasons, we reverse the judgment and remand the cause to the circuit court for appointment of new coun-

1. Mr. Luster properly verified his original pro se motion, but neglected to verify his amendment, which consisted of additional allegations set out in numbered paragraphs. Rule 29.15(d) and former Rule 27.26(c) require verification of the original motion. Rule 29.15(f) specifies verification of any amended motion. In *Sloan v. State,* 779 S.W.2d 580, 581–82 (Mo.1989) (en banc), the court held that untimely filed unverified amended Rule 29.15 motions preserved nothing for the hearing court's consideration and limited that court to considering only those grounds alleged in the movant's earlier properly verified and timely filed motions.

2. Former Rule 27.26 and new Rule 29.15 differ on the requirement of notice before dismissal of a postconviction motion. Under Rule 27.26, the motion court had to give written notice of its intention to rule on a specific date on the issue of granting an evidentiary hearing. *Wheatley v. State,* 559 S.W.2d 526, 527 (Mo.1977) (en banc); *Mills v. State,* 723 S.W.2d 71 (Mo.App.1986); *Riley v. State,* 680 S.W.2d 956, 958 (Mo.App. 1984). Failure to provide the requisite notice has led to numerous reversals for failure to amend pro se Rule 27.26 motions. *See e.g., Lee,* 729 S.W.2d at 648; *Young,* 724 S.W.2d at 327; *Berry,* 722 S.W.2d at 131. However, Rule 29.-15(g) eliminates the notice requirement and serves as notice that the motion court will rule on the motion for an evidentiary hearing within fifteen days after the date on which the rule requires the filing of a verified amended motion. *Loewe v. State,* 778 S.W.2d 331, 333 (Mo. App.1989); *Chatman v. State,* 766 S.W.2d 724, 726 (Mo.App.1989).

sel and further proceedings under Rule 29.-15.

ULRICH, J., concurs.

FENNER, J., dissents in separate dissenting opinion.

APPENDIX

5/18/87 Jury trial begins.

7/17/87 Conviction and sentence.

3/8/88 Conviction affirmed by court of appeals.

6/24/88 Movant files pro se Rule 29.15 motion dated 6/22/88.

6/24/88 Movant files pro se motion reading: "Comes now movant and would move this court for an evidentiary hearing on this motion."

7/28/88 Movant's pro se motion dated 7/28/88 for appointment of counsel (marked "Rec'd 9/1/88").

8/8/88 Movant's letter dated 7/28/88 requesting appointment of counsel received.

8/16/88 Director of Civil Records acknowledges receipt of movant's 7/28/88 letter.

9/2/88 Movant's 8/29/88 letter filed. Requests information regarding appointment of counsel.

9/2/88 Court appoints State Public Defender to represent movant and grants movant thirty days to file amended motion.

9/8/88 State Public Defender notice to Roy King, Jr., of assignment of movant's case.

9/20/88 Movant's 9/13/88 letter advising court that he still has no attorney and cannot without an attorney file an amended motion within the thirty days granted on 9/2/88.

9/27/88 Movant's 9/24/88 letter to court advising he has not heard from court or Public Defender in response to his 9/13 letter. Requests assistance.

9/30/88 Roy King, Jr., enters appearance as movant's attorney.

10/17/88 Order extending time to file amended motion to 11/1/88.

10/24/88 Movant's 10/20/88 letter to court thanking judge and acknowledging receipt of court's letter dated 10/18/88 and advising that Roy King came to see movant on 10/8/88 but had no copy of movant's Rule 29.15 motion and advising that King promised to see judge personally on 10/11/88 and further advising that King has not responded to movant's two letters nor has he returned family's telephone calls. Requests assistance.

11/2/88 Movant's pro se motion to disqualify judge.

11/2/88 Movant's additional pro se allegations dated 10/28/88 in Rule 29.15 case.

11/2/88 Movant's pro se motion for evidentiary hearing on amended motion.

11/2/88 Movant's motion signed by Roy King, Jr., for photocopy of transcript of plaintiff's "guilty plea and sentencing" proceedings.

11/8/88 Application to disqualify judge sustained and case transferred to presiding judge for reassignment.

12/5/88 Order by Judge Mason striking pleadings filed 11/2/88 as untimely and stating that plaintiff's pro se request for evidentiary hearing does not comply with Rule and is also stricken. Court "will independently determine whether or not an evidentiary hearing will be scheduled."

12/6/88 Findings of fact and conclusions of law entered. Overrules and dismisses Rule 29.15 motion with prejudice.

12/20/88 Movant's pro se motion to reconsider dated 12/13/88.

12/27/88 Motion overruled.

* * * * * *

2/7/89 Judge Mason's letter to state Public Defender stating that "Mr. King has done nothing," including filing a notice of appeal which was not filed until February 3, too late.

FENNER, Judge, dissenting.

I respectfully dissent.

Appellant does not argue that he made a timely request for an evidentiary hearing as required by Rule 29.15(g). To the contrary, appellant concedes in his brief that he did not make a timely request for an

evidentiary hearing. Nonetheless, the majority opinion finds that the trial court erred in failing to recognize Luster's "motion" for an evidentiary hearing.

The "motion" to which the majority refers is a handwritten document contained in the circuit court file that the trial court was entitled to ignore because it did not comply with the Missouri Rules of Court. Rule 55.02 requires that every pleading shall contain a caption setting forth the name of the court, the title of the action and the file number. Rule 55.26(b) makes the requirements of form of pleadings applicable to motions.

Luster's "motion" for an evidentiary hearing contained no caption, no title and did not reference the case to which it referred. The "motion" was not stamped filed by the court. Luster's "motion" was on a sheet of paper by itself and consisted of nothing more than the following:

> Comes now movant and would move this court for an evidentiary hearing on this motion.
>
> Respectfully yours,
> /s/ Eddie Luster
> 6/22/88

Luster's "motion" for an evidentiary hearing totally failed to comply with the Missouri Rules of Court. Contrary to the majority's opinion that the trial court apparently overlooked Luster's "motion" for an evidentiary hearing, the trial court specifically stated in its findings that "an evidentiary hearing was not properly requested." The trial court was entitled to ignore Luster's "motion" and did not err in finding that Luster failed to make a proper motion for an evidentiary hearing.

The majority opinion next addresses the effectiveness of motion counsel which is another matter not raised by appellant in this appeal. In analyzing this issue, sua sponte, the majority states that Missouri courts have reversed denials of postconviction motions when appointed counsel has failed to amend a pro se motion.

The cases cited by the majority dealing with failure to amend a pro se motion show that review of motion counsel's conduct has been granted, when challenged, in the limited circumstance where motion counsel did nothing to represent the movant and the motion was summarily dismissed because of procedural shortcomings.

The case at bar was not dismissed because of procedural shortcomings and it cannot be said that motion counsel did nothing to represent movant. Counsel entered his appearance and Luster himself advised the court that counsel met with him in regard to the case. The record also reflects that counsel filed a Motion For Photocopy Of Transcript.

As pointed out by the majority, the mere fact that the Rule 29.15 motion was not amended does not automatically entitle appellant to relief. *Guyton v. State,* 752 S.W.2d 390, 392 (Mo.App.1988). Amendments are only required if they are necessary. *Id.* at 30.

Even if it is appropriate to consider the effectiveness of motion counsel in light of his failure to amend appellant's pro se motion, there is no indication that counsel could or should have known of any ground not asserted in the motion. Absent such a showing there is no requirement of reversal of the motion court's ruling. *State v. Perez,* 768 S.W.2d 224, 228 (Mo.App.1989).

Regardless of any difference of opinion over motion counsel's shortcomings, it has been clearly, concisely and unequivocally held by the Missouri Supreme Court that a post-conviction proceeding cannot be used as a conduit to challenge the effectiveness of counsel in the post-conviction proceeding. *Young v. State,* 770 S.W.2d 243, 245 (Mo. banc 1989); *Lingar v. State,* 766 S.W.2d 640, 641 (Mo. banc 1989); *cert. denied* — U.S. —, 110 S.Ct. 258, 107 L.Ed.2d 207 (1989). The purpose of post-conviction proceedings is to challenge the validity of a conviction and sentence. *Young v. State,* 770 S.W.2d at 245.

Contrary to *Young* and *Lingar,* the majority analyzes motion counsel's effectiveness, sua sponte, and concludes, partially relying on letters of complaint by Luster which are not evidence, that motion counsel was ineffective. Such an analysis is contrary to the law.

Luster has not shown that his conviction and sentence were invalid and the denial of his Rule 29.15 motion should be affirmed.