**Bobby Leroy BACKUES (II), Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 57851.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 21, 1990.

J. Bryan Allee, Columbia, for appellant.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Bobby Leroy Backues, appeals the dismissal of his Rule 24.035 motion to vacate judgment and sentence without an evidentiary hearing. Appellant entered a guilty plea after being charged with stealing. Appellant was sentenced to seven years and given five years probation with sixty days shock incarceration. On December 14, 1988, the State moved to revoke appellant's probation and on January 19, 1989, appellant's probation was revoked. The original sentence of seven years was executed.

On April 11, 1989, appellant timely filed a verified, *pro se* motion and counsel was appointed. It appears that due to a conflict between appellant and counsel, new coun-

sel was procured and this counsel entered his appearance on May 5, 1989. On May 18, 1989, new counsel successfully moved for an extension of time to file an amended motion. However, on June 23, 1989, appellant and new counsel notified the court by motion that an amended motion would not be filed because no additional grounds for relief existed.

The court granted the State's motion to dismiss without an evidentiary hearing. Appellant appealed the dismissal. This court reversed and remanded appellant's case due to the court's failure to make findings of fact and conclusions of law. *Backues v. State*, No. 57103 (Mo.App., E.D. Nov. 22, 1989).

On remand, the motion court denied appellant relief. On December 15, 1989, appellant's counsel filed a motion to reconsider the court's findings and conclusions. The motion was denied and this appeal followed.

■ Appellant's sole contention is that his counsel failed to adequately perform the duties imposed by Rule 24.035(e). This court's review of the motion court's action shall be limited to a determination of whether the findings and conclusions of the court are clearly erroneous. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989); Rule 24.035(j). A motion court's findings, conclusions and judgment are clearly erroneous only if review of the entire record leaves the court with a definite and firm impression that a mistake has been made. *Clemmons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990).

■ Failure to follow Rule 24.035(e) is recognized by Missouri courts as a basis for reversal. *Luster v. State*, 785 S.W.2d 103, 106 (Mo.App., W.D.1990). However, failure to amend a *pro se* motion does not itself constitute grounds for reversal. *Guyton v. State*, 752 S.W.2d 390, 392 (Mo. App., E.D.1988). In order to comply with counsel's duty, Rule 24.035(e) requires that:

counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and

sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds. Rule 24.035(e).

Thus, counsel must amend a *pro se* motion where the *pro se* motion fails to allege sufficient facts or a full and accurate statement of the grounds, fails to raise all known grounds or is incomprehensible. *Luster v. State*, 785 S.W.2d at 106.

In *Luster v. State*, the record revealed that appellant's counsel failed in his duty under Rule 24.035(e) to acquaint himself with potential grounds for relief, to redraft the claims of ineffective assistance of trial counsel, and to participate actively on the movant's behalf. *Luster*, 785 S.W.2d at 106. The *Luster* court found that had counsel revised appellant's *pro se* motion, appellant might have secured an evidentiary hearing and been granted relief. *Id.* In *Luster*, appellant's counsel failed to request an extension of time or a hearing. Furthermore, counsel failed to contact appellant until six days after the expiration of the initial time period for filing the amended motion. *Id.* The Western District held that appellant's counsel's inaction constituted a complete failure to supply legal services and deprived appellant of any opportunity to fully and fairly litigate his claims for postconviction relief. *Id.* at 107.

■ This court has also held that the record should reflect that appointed counsel actively participated in the proceedings on appellant's behalf. *Hirsch v. State*, 698 S.W.2d 604, 605 (Mo.App., E.D.1985). In *Hirsch*, this court reversed on the basis of counsel's duty to assist a postconviction relief movant. Although a special public defender was appointed to represent Mr. Hirsch, there was no evidence in the record of any participation by appointed counsel prior to the trial court's dismissal of the motion. *Id.*

In both *Luster* and *Hirsch*, appointed counsel failed to actively participate on appellant's behalf. On this basis, the case at bar is factually distinguishable. In our

case, it was evident that appellant's counsel had "actively participated in the proceedings." Appellant's counsel successfully requested a motion for an extension of time to file an amended motion, counsel filed a motion requesting an evidentiary hearing and also notified the court that an amended motion would not be filed.

Furthermore, appellant's counsel reviewed with appellant the grounds in appellant's *pro se* motion. While the *pro se* motion was vague, we must assume that the appellant offered no factual basis which appellant's counsel could use to formulate a "lawyer-like motion." Here, there are no concrete grounds of neglect as was evidenced in both *Luster* and *Hirsch*.

■ Absent a showing that counsel could or should have known of any ground not asserted in the motion, there is no requirement of reversal of the motion court's ruling. *State v. Perez*, 768 S.W.2d 224, 228 (Mo.App., S.D.1989). The appellant in the instant case has not shown that his postconviction counsel could or should have known of any additional grounds for relief.

Since we do not find the findings, conclusions, and judgment of the motion court to be clearly erroneous, we affirm the denial of appellant's Rule 24.035 motion.

REINHARD and CRIST, JJ., concur.